## Case No. 7,044.
### INGRAHAM v. ALBEE.
[1 Blatchf. & H. 289.] 1

District Court, S. D. New York. March 19, 1832.

Edwin Burr and Erastus C. Benedict, for libellant.

John Cleaveland and William W. Campbell, for respondent.

1 [Reported by Samuel Blatchford, Esq., and Francis Howland, Esq.]

BETTS, District Judge. If the libellant has forfeited his wages by leaving the vessel, and continuing absent in Havana, such forfeiture would have been remitted by the consent of the master to receive him on board and overlook his conduct. Or, even if no condonation of that offence had been shown, it is very questionable whether the previous deviation of the vessel, and her performing a voyage not named in the articles, would not have excused the libellant in leaving her on arriving at Havana. As the case stands, no forfeiture of wages is established. The evidence offered by the respondent shows clearly that the libellant was not an able seaman, nor a competent cook; and, had the respondent refused to receive him back into his service, and defended this action upon the ground of the libellant's incapacity to perform the duty he contracted to do, I should have thought it a fair case for a reduction of wages, and should not have been willing to allow the rate stipulated by the articles, for any portion of the time. The master was a better judge of the value of the libellant's services to the vessel than any of the witnesses the latter has called; and the master's acts in reinstating the libellant counteract this branch of the defence, at least when set up by himself. His taking the libellant back, in Havana, under the original contract, without any stipulation for a change of wages, must now be deemed conclusive, as against him, that he was satisfied with the libellant's services, and was to allow him the same rate of compensation, to the completion of the voyage. I do not think, however, on the whole evidence, that the libellant is entitled to more than the agreed wages. His occasional services as cook were not of a character to raise an equity to increased pay. Wages are accordingly decreed at fifteen dollars a month for the voyage (four months and three days), deducting the period of twenty-two days for the libellant's absence in Havana. The answer alleges, that the libellant's absence continued from the 16th of September to the 11th of October, a period of twenty-five days; but no evidence is furnished fixing the dates with certainty. The master claims a credit of $21 62, the amount charged the libellant for board in Havana. The proof being that the price at the house where he boarded was usually one dollar per day, that is sufficient evidence of an absence correspondent to that charge; and, without noticing the fraction, I shall allow a deduction of wages for twenty-two days. The master claims the amount of this board bill as having been paid by him. The fact is stated in the answer, but the allegation is not responsive to the libel in a way to render it, of itself, evidence in the respondent's favor; and there is no direct proof that he paid the bill. There are circumstances, however, raising so strong a presumption in the master's favor, that if the payment is not admitted by the libellant, I shall allow the respondent a reasonable time to furnish further proof of the fact. It is proved that the libellant offered to ship on board of another vessel, for the purpose of having his bill satisfied; that it is usual for masters of vessels to advance the board bills of seamen on such occasions; that the respondent did so with reference to two of his seamen; and that the libellant said he did not know whether it had been done for him or not. That declaration is a plain admission that he had not paid it himself, and would probably justify my making the allowance at once, but for a declaration of the master in Havana, proved by one of the seamen, "that he would not pay for the libellant, and, if his landlord said anything about it, he would put him in prison for harboring the libellant." This leaves the point in so questionable a state, that I think it proper to demand further proofs. The master will be allowed ninety days to prove this payment, on his filing an affidavit that he has actually made it at the libellant's request, and, at the same time, taking out a commission or a dedimus potestatem to obtain the testimony. Decree accordingly.